UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

SHOP VAC CORPORATION and
FELCHAR MANUFACTURING CORPORATION,

                              **Plaintiffs,**

-against-                                                          04-CV-262

BCL MAGNETICS LTD.,

                              **Defendant.**
―――――――――――――――――――――――――――――

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### ORDER

      Defendant has moved for summary judgment on various grounds, asserting that some or all of Plaintiffs' claims and sought-after damages should be dismissed. Plaintiffs have opposed the motion. In Defendant's Reply Memorandum of Law, [doc. # 48], it moves, for the first time, to preclude Plaintiffs from offering certain expert witnesses on Plaintiffs' case-in-chief because such witnesses purportedly were not disclosed in accordance with the Uniform Pretrial Scheduling Order. See dkt. # 48 pp. 9-10. In this regard, Defendant asserts that the witnesses were disclosed only as "rebuttal" witnesses. Id. In the alternative to preclusion, Defendant seeks additional time to serve responsive expert witness disclosures. Id. Plaintiffs object to the motion being made in reply papers because it does not afford them the opportunity to respond. See doc. 49.

      The Court agrees that, if the motion is to be considered at all, it must be noticed for a separate date so as to afford Plaintiffs appropriate response time. See Booking v. General Star

1

Management Co., 254 F.3d 414, 418 (2d Cir. 2001); Pinero v. Long Island State Veterans Home, 375 F. Supp. 2d 162, 164 (E.D.N.Y. 2005)("Arguments that are raised for the first time in a reply brief deprive the opposing party of an opportunity to be heard on the issue, unless the court permits the filing of a sur-reply."); Conn. Indemn. Co. v. QBC Trucking, Inc., 2005 WL 1427424, at *1 -*2 (S.D.N.Y. June 20, 2005)("The issue presented ... was raised for the first time in [the movant's] reply papers on the underlying summary judgment motion. It was entirely appropriate for this Court to decline to consider that question on the summary judgment motion."); Landau v. New Horizon Partners, Inc., 2003 WL 22097989, at *10 (S.D.N.Y. Sept. 8, 2003) (rejecting argument "raised for the first time in ... reply papers ... because the plaintiff had no opportunity to respond to such arguments, and in any event, full consideration and development of this issue requires that the argument be raised in the original moving papers."); Playboy Enters. Inc. v. Dumas, 960 F. Supp. 710, 720 n. 7 (S.D.N.Y. 1997)("Arguments made for the first time in a reply brief need not be considered by a court."), aff'd., 159 F.3d 1347 (2d Cir. 1998); see also N.D.N.Y.L.R. 7.1(b)(1)("A surreply is not permitted.").  Inasmuch as the issue raised by this motion concerns matters of discovery, is not dispositive in nature, and does not appear to impact the Court's ability to rule on the pending summary judgment motion, the motion to preclude the use of certain experts in Plaintiffs' case-in-chief should be noticed before, and decided by, Magistrate Judge Peebles.

**IT IS SO ORDERED**

DATED:August 17,2005

Thomas J. McAvoy
Senior, U.S. District Judge

2